UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DANIELLE I. GHANI**<br>123 Azalea Drive<br>West Seneca, New York 14224<br><br>       Plaintiff,<br><br>v.<br><br>**TOWN OF WEST SENECA,**<br>1250 Union Road<br>West Seneca, New York 14224<br><br>**ANTHONY R. ANDOLINA,**<br>1250 Union Road<br>West Seneca, New York 14224<br><br>**TYLER BEBAK,**<br>1250 Union Road<br>West Seneca, New York 14224<br><br>**JOHN DOE OFFICERS,**<br>1250 Union Road<br>West Seneca, New York 14224<br><br>       Defendants. | **COMPLAINT<br>AND JURY DEMAND**<br><br>Civil Action No. |

Plaintiff, Danielle Ghani ("Ms. Ghani" or "Plaintiff"), by her attorneys, Rupp Pfalzgraf LLC, as and for her complaint against the Defendants, Town of West Seneca, New York, Officer Anthony R. Andolina ("Officer Andolina"), Officer Tyler Bebak ("Officer Bebak") and other West Seneca Police Officers ("John Doe Officers") (collectively, "Defendants"), alleges as follows:

## JURISDICTION

1. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is conferred on this Court

pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1983.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this District, and the Defendants are subject to personal jurisdiction here.

## VENUE

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Western District of New York because the events forming the basis of Plaintiff's complaint occurred in this District.

## PARTIES

4. Plaintiff Ms. Danielle I. Ghani is a citizen of the State of New York, County of Erie, who resides at 123 Azalea Drive, West Seneca, New York 14224.

5. Defendant Town of West Seneca, New York ("Town") is a municipal corporation duly organized and existing under the laws of the State of New York.  The Town is the legal and political governmental entity responsible for the actions of the West Seneca Police Department and its officers.

6. Defendants Officer Andolina, Officer Bebak, and other John Doe Town of West Seneca police officers employed by the West Seneca Police Department who were involved in the incident giving rise to this action.  They are sued in their individual capacities.

**FACTUAL BACKGROUND**

7. Ms. Ghani has had a tumultuous history with the West Seneca Police Department and Erie County Child Protective Services ("CPS") dating back to 2017, stemming from custody disputes with her children's father, Todd Allen Duffy, and allegations regarding her religious beliefs.

8. Ms. Ghani and Mr. Duffy have three children together. Ms. Ghani had primary custody of the children up until 2017.

9. In 2017, CPS became involved with Ms. Ghani's family after her juvenile daughter was allegedly regularly absent from school, leading to an investigation.

10. Despite Ms. Ghani's compliance with CPS requirements, the agency threatened to file neglect charges against her if she sought to modify an order of protection against Mr. Duffy in Integrated Domestic Violence ("IDV") Court.

11. Disregarding the progress Ms. Ghani had made, CPS filed false charges of child endangerment against her in 2017, resulting in the removal of her three children from her custody.

12. The children were placed with their father, Mr. Duffy, for three years.

13. During this three-year period, Ms. Ghani's children were subjected to an unhealthy and potentially abusive environment while in their father's care.

14. The West Seneca Police Department filed four child endangerment charges against Ms. Ghani during this time, despite the children no longer being in her custody.

15. After a lengthy legal battle, Ms. Ghani successfully had the charges against her dismissed and regained custody of her children in January 2021, just months before the incident on June 15, 2021.

16. Since regaining custody, Ms. Ghani has faced numerous challenges in managing her children's behavioral issues, particularly with her son Ashton, who has a history of violent outbursts and resisting parental authority. These behavioral problems are believed to stem from the children's experiences while in their father's care.

17. In the months leading up to the June 15, 2021, incident, Ms. Ghani had multiple interactions with the West Seneca Police Department regarding Ashton's behavior.

18. On June 12, 2021, Defendant Town of West Seneca Police Officer Anthony R. Andolina responded to a call at Ms. Ghani's residence and suggested that she might be mentally ill and in need of hospitalization, despite reports indicating that she was calm and cooperative during the interaction.

19. Just three days later on June 15, 2021, at approximately 11:00 PM to 11:45 PM, Ashton was again exhibiting disruptive and aggressive behavior, refusing to comply with his mother's request to go to bed. Ms. Ghani told Ashton to turn off his electronic devices and go to sleep, as it was a school night. However, Ashton continued to argue with Ms. Ghani and resist her parental authority.

20. Ms. Ghani, fearing for her safety and the potential for the situation to escalate, called the West Seneca Police Department for assistance in managing her son's behavior and to prevent any physical altercation.

21. Defendants Town of West Seneca Police Officer Anthony R. Andolina and other John Doe Town of West Seneca Police Officers (collectively, "Defendant Officers") responded to the 911 disturbance call Ms. Ghani made from her residence on June 15, 2021.

22. Upon their arrival, Officers Andolina, Bebak, and other WSPD officers entered Ms. Ghani's home without her explicit permission, a warrant, probable cause, or exigent

4

circumstances. This unlawful entrance by Defendant Officers violated Ms. Ghani's Fourth Amendment rights under the United States Constitution.

23. Ms. Ghani subsequently felt that the officers were too aggressive, she verbalized to the officers her disapproval of their treatment towards her in her own home and indicated her intention that the Defendant Officers leave her residence.

24. Despite Ms. Ghani's request for Defendant Officers to leave her residence, the officers continued to escalate the situation and entered her juvenile son's bedroom without permission or legal justification.

25. When Ms. Ghani attempted to interfere and protect her juvenile son from the officers' unlawful actions, Defendant Officers used excessive and unreasonable force against her. Officer Andolina and Officer Bebak grabbed Ms. Ghani's arms, pinned her to the wall and then tackled to the floor where she was forced into handcuffs. When Officer Andolina had her pinned against the wall, she told him "just arrest me then" to express that she knew Officer Andolina's intentions from the June 12, 2021 encounter and that she knew he would not treat her fairly based on that experience.

26. During the altercation, Ms. Ghani sustained significant injuries to both shoulders and a neck injury from Officer Andolina forcefully squeezing her arm while they had her pinned against the wall and then throwing her to the ground. Ms. Ghani's treating doctors, upon review of the incident, believe that the force used by Officer Andolina likely caused a shift in her cervical spine, resulting in radiating pain in her arm.

27. The officers arrested Ms. Ghani with, inter alia, obstructing governmental administration in the second degree in violation of New York Penal Law § 195.05 and harassment in the second degree in violation of New York Penal Law § 240.26. Ms. Ghani was

handed an appearance ticket for the criminal charges, which were baseless and unsupported by probable cause.

28. Ambulatory services met Ms. Ghani at the West Seneca Police Department as she verbalized to Defendant Officers that she was experiencing agonizing pain directly from the arrest.

29. Due to the injuries Ms. Ghani suffered, Lieutenant David A. Wright took pictures of Ms. Ghani while she was at the West Seneca Police Department and burned them onto a disc.

30. Immediately upon being released from the West Seneca Police Department following her unlawful arrest, Ms. Ghani went to the Mercy Ambulatory Care Center ("MACC") in the early morning hours of June 16, 2021, as both of her shoulders sustained significant trauma from Defendant Officers during the arrest. At MACC, Ms. Ghani underwent x-rays.

31. On June 24, 2021, Ms. Ghani had her first follow-up doctor's appointment with Dr. Umeer Ashraf, MD at Mercy Comprehensive Care Center. The purpose of the visit was to seek further treatment for the persisting physical pain she was suffering due to Defendant Officers' aggressive actions on June 15, 2021.

32. On or around September 7, 2021, the Defendant Town of West Seneca Police Department initiated false criminal charges against Ms. Ghani for child endangerment, allegedly arising out of the same June 15, 2021, incident.

33. The child endangerment charges from the September 7, 2021, incident were dismissed by the West Seneca Town Court in October 2021 after Ms. Ghani's daughter appeared and told the District Attorney that Ms. Ghani had done nothing wrong.

34. In addition to the child endangerment and harassment charges stemming directly from the June 15, 2021, incident, the WSPD initiated a third, separate harassment charge against Ms. Ghani in October 2021.

35. On or around October 13, 2021, the Defendant WSPD officers initiated additional false criminal charges against Ms. Ghani for harassment, allegedly for harassing calls she made to a mother of her son's friends who was hosting her sons. The assistant WSPD chief had previously called the mother on or around October 11, 2021 threatening to arrest her if she did not send Ms. Ghani's sons home. Two days later, in apparent retaliation, these new false charges were filed against Ms. Ghani and were ultimately dismissed.

36. As a result of the Defendant Officers' actions, Ms. Ghani has suffered ongoing debilitating physical disability from the injuries, especially in her right shoulder. Ms. Ghani has sought medical treatment from multiple doctors since the incident, which continues to the present day.

37. Medical doctors have informed Ms. Ghani that her shoulder injury may be permanent, even with the frequent medical treatment she has sought out. Ms. Ghani has been diagnosed with a rotator cuff injury and experiences chronic pain in her right shoulder that radiates down her arm. She has undergone physical therapy, has been prescribed medication, and receives regular cortisone shots to manage the pain.

38. Ms. Ghani has also suffered and continues to suffer from emotional and psychological trauma from the Defendant Officers' actions and their malicious prosecution of Ms. Ghani. On a daily basis since the incident, Ms. Ghani experiences sadness, depression, anxiety, flashbacks, nightmares, trouble sleeping, and emotional distress, which is directly correlated to the events of June 15, 2021.

39. The chronic pain from Ms. Ghani's right shoulder injury has severely limited her ability to work, resulting in significant wage loss from the date of the incident and continuing to the present. She was unable to start a planned newspaper delivery job in June 2021 due to the pain. Although she began the job in September 2021, she was forced to quit in October 2021 as the pain persisted. Prior to the incident, Ms. Ghani had been employed as a medical biller. However, due to her ongoing shoulder pain and limited range of motion, she has been unable to return to work full-time.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

#### VIOLATION OF THE FOURTH AMENDMENT
#### Unreasonable Search and Seizure under 42 U.S.C. § 1983
#### Against Defendants Andolina, Bebak, and John Doe(s)

40. Plaintiff incorporates by reference the allegations contained in paragraphs 1-39 of this complaint as if fully set forth herein.

41. The actions of Defendant Officers in entering Ms. Ghani's residence without a warrant, probable cause, or exigent circumstances, and remaining in her residence after she revoked consent, violated her rights under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures.

42. As a direct and proximate result of the Defendants' actions, Ms. Ghani suffered and continues to suffer physical, emotional, and economic injuries.

43. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE FOURTH AMENDMENT
### Excessive Force under 42 U.S.C. § 1983
### Against Defendants Andolina, Bebak, and John Doe(s)

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1-43 of this complaint as if fully set forth herein.

45. The actions of Defendant Officers in using excessive and unreasonable force against Ms. Ghani violated her rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

46. As a direct and proximate result of the Defendant Officers' actions, Ms. Ghani suffered and continues to suffer physical, emotional, and economic injuries.

47. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF THE FOURTH AMENDMENT
### False Arrest under 42 U.S.C. § 1983
### Against Defendants Andolina, Bebak, and John Doe(s)

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1-47 of this complaint as if fully set forth herein.

49. The actions of Defendant Officers in arresting Ms. Ghani without probable cause violated her rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

50. As a direct and proximate result of the Defendant Officers' actions, Ms. Ghani suffered and continues to suffer emotional and economic injuries.

51. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## FOURTH CLAIM FOR RELIEF

### VIOLATION OF THE FOURTH AMENDMENTS
### Malicious Prosecution under 42 U.S.C. § 1983
### Against Defendants Andolina, Bebak, and John Doe(s)

52. Plaintiff incorporates by reference the allegations contained in paragraphs 1-51 of this complaint as if fully set forth herein.

53. The actions of Defendants in initiating and continuing criminal proceedings against Ms. Ghani without probable cause violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizures and deprivation of liberty without due process of law, which includes the right to not be prosecuted in the absence of probable cause.

54. The criminal proceedings initiated by Defendants terminated in Ms. Ghani's favor.

55. As a direct and proximate result of the Defendants' actions, Ms. Ghani suffered and continues to suffer emotional and economic injuries.

56. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## FIFTH CLAIM FOR RELIEF

### VIOLATION OF THE FOURTEENTH AMENDMENTS
### Municipal Liability under 42 U.S.C. § 1983
### <u>Against Town of West Seneca</u>

57. Plaintiff incorporates by reference the allegations contained in paragraphs 1-56 of this complaint as if fully set forth herein.

58. Prior to June 15, 2021, Defendant Town of West Seneca developed and maintained policies, customs, and practices exhibiting deliberate indifference to the constitutional rights of persons in the Town of West Seneca, which caused the violation of Ms. Ghani's rights.

59. The Town and WSPD have a custom, policy, or practice of failing to properly screen, hire, train, supervise, and discipline their officers regarding the use of force, entry into residences, interactions with citizens invoking their parental rights, and probable cause for arrests and prosecutions. This policy, custom or practice caused the violation of Ms. Ghani's constitutional rights.

60. The Town and WSPD have a further custom, policy or practice of retaliating against citizens through false arrests and malicious prosecutions when citizens attempt to lawfully assert their rights as parents or complain about police misconduct. The continued initiation of false charges against Ms. Ghani, even for incidents where police were not present and Ms. Ghani was acting lawfully as a parent, demonstrates this unconstitutional custom, policy or practice.

61. The Town and WSPD failed to properly train and supervise Defendants Andolina, Bebak and John Doe Officers regarding constitutional limits on use of force, entries

11

into homes, probable cause for arrest, and lawful assertions of parental rights, despite knowing that such encounters are common for WSPD officers.

62. The Town and WSPD, through their final policymakers, ratified and approved the unconstitutional actions of Defendants Andolina, Bebak, and John Doe Officers by failing to adequately investigate complaints against them or discipline them for their actions against Ms. Ghani and others.

63. These customs, policies, and practices of the Town and WSPD were the moving force behind the violations of Ms. Ghani's constitutional rights under the Fourth and Fourteenth Amendments.

64. As a direct and proximate result of the Town and WSPD's unconstitutional customs, policies, and practices, Ms. Ghani suffered and continues to suffer physical, emotional, and economic injuries.

## DEMAND FOR JURY TRIAL

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff, Danielle I. Ghani, prays for relief and demand judgment as follows:

1. That Plaintiff be awarded compensatory damages against all Defendants in an amount to be determined at trial;

2. That Plaintiff be awarded punitive damages against all Defendants in an amount to be determined at trial;

      3.      That this Court, pursuant to 42 U.S.C. § 1988, issue an order awarding Plaintiffs reasonable attorneys' fees, together with the costs of this action against all Defendants; and

      4.      That this Court award such other further relief, together with any other legal or equitable relief, or both, as the Court deems just and proper.

Dated:    June 14, 2024
           Buffalo, New York

                **RUPP PFALZGRAF LLC**
                Attorneys for Plaintiff

                *s/Chad A. Davenport*
                R. Anthony Rupp III, Esq.
                Chad A. Davenport, Esq.
                1600 Liberty Building
                Buffalo, New York 14202
                (716) 854-3400
                rupp@rupppfalzgraf.com
                davenport@rupppfalzgraf.com